[No. B234642. Second Dist., Div. Six. July 30, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS RODRIGUEZ, Defendant and Appellant.

**Counsel**

Patricia A. Malone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Attorney General, Blythe J. Leszkay and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—The movies glorify instances of suspected criminals attempting to avoid detention and arrest. In the movies, they often succeed in the wake of inept police officers. But in real life, the suspects rarely succeed. Their conduct poses a danger to the police, the suspect, and innocent bystanders. Here, appellant's attempt to avoid apprehension did not succeed and resulted in injury to the officer. It could have easily been worse. Any attempt by a suspect to gain control of an officer's firearm is the acme of foolishness. Had appellant succeeded, responding officers would have had justifiable concern for their own safety and a gun battle could have easily erupted.

■ Jose Luis Rodriguez appeals from the judgment entered after a jury convicted him of deterring, preventing, or resisting an officer by force and violence. (Pen. Code, § 69.)[1] Appellant admitted two prior prison term enhancements (§ 667.5, subd. (b)) and was found in violation of probation in another case (case No. 2007006324). The trial court sentenced him to four years in state prison. He appeals contending that the evidence is insufficient to support the element of the offense that the officer was in the lawful performance of his duties when he detained appellant. We reject this contention but modify the judgment regarding a security fee, criminal conviction assessment, and a probation revocation fine. The judgment, as modified, is affirmed.

### Facts

On the evening of December 16, 2010, appellant was a passenger in a vehicle that made an illegal turn in front of another motorist at Ojai and Santa Paula Streets in Santa Paula. The driver quickly accelerated away with a police car in pursuit. The car slowed sufficiently so that appellant could "jump" out. He did so and ran away.

Officer J. Rothermel heard the radio broadcast concerning the suspect fleeing on foot. He saw appellant a minute later, half a block away, walking alone on Santa Paula Street. Officer Rothermel stopped, shined a spotlight on appellant, and got out of the patrol car to speak to him. Appellant turned and ran. Officer Rothermel pursued appellant on foot, ordering him to stop. Appellant sprinted eastbound on Santa Paula Street, crossed the traffic lanes, reached into his pocket, and threw an item over a chain-link fence.

Officer Rothermel attempted to subdue appellant. Appellant "tugged" on the officer's gun holster, attempting to take it. Appellant was ordered to stop

---

[1] All statutory references are to the Penal Code unless stated otherwise.

resisting. He did not do so. Instead, he thrashed and kicked, causing Officer Rothermel to suffer lacerations to his right hand and shin. After a second officer arrived, appellant was subdued and arrested. Officers recovered a black digital scale that had a white powder residue consistent with methamphetamine.

Appellant testified that he ran because he had an outstanding warrant and a digital scale in his pocket. Appellant knew he was running from a police officer. He denied attempting to take the officer's gun.

### Posttrial Proceedings

After the jury returned a guilty verdict, appellant admitted two prior prison term enhancements and was found in violation of probation in case No. 2007006324. The trial court sentenced appellant to four years in state prison (two-year midterm plus two years on the prior prison term enhancements) and ordered appellant to pay $1,524 victim restitution (§ 1202.4, subd. (f)) and $200 restitution and parole revocation fines in each case (§§ 1202.4, subd. (b), 1202.45). In case No. 2007006324, the trial court revoked probation, sentenced appellant to two years in state prison for possession of narcotics (Health & Saf. Code, § 11377, subd. (a)) to run concurrent to the four-year sentence, and imposed a $570 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)), and a $190 fine (Health & Saf. Code, § 11372.5).[2]

### Reasonable Suspicion to Detain

■ The crime of deterring, preventing, or resisting an officer by force and violence requires that the officer be engaged in the lawful performance of his duties. Here it was necessary to prove that Officer Rothermel had legal cause, i.e., a reasonable suspicion to detain appellant. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1020 [95 Cal.Rptr.2d 377, 997 P.2d 1044]; *People v. Dolly* (2007) 40 Cal.4th 458, 463 [53 Cal.Rptr.3d 803, 150 P.3d 693].) "California cases hold that although the court, not the jury, usually decides whether police action was supported by legal cause, disputed facts bearing on the issue of

---

[2] Respondent argues that the trial court erred by not imposing a $40 court security fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) in case No. 2010044795, and a $200 probation revocation fine (§ 1202.44) in case No. 2007006324. These matters are mandatory (see *People v. Woods* (2010) 191 Cal.App.4th 269, 272–273 [119 Cal.Rptr.3d 328] [court facility assessment, restitution fine, and court security fees are mandatory]; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434 [84 Cal.Rptr.3d 165] [imposition of previously stayed § 1202.44 probation revocation fine is mandatory upon revocation of probation with state prison sentence]) and may be added on review. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–188 [109 Cal.Rptr.2d 303, 26 P.3d 1040].)

legal cause must be submitted to the jury considering an engaged-in-duty element, since the lawfulness of the victim's conduct forms part of the corpus delicti of the offense. [Citations.]" (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217 [275 Cal.Rptr. 729, 800 P.2d 1159].)

The trial court gave CALCRIM No. 2670, which provides: "A peace officer may legally detain someone . . . if: [¶] 1. Specific facts known or apparent to the officer lead him or her to suspect that the person to be detained has been, is, or is about to be involved in activity relating to crime; AND [¶] 2. A reasonable officer who knew the same facts would have the same suspicion. [¶] Any other detention is unlawful. [¶] In deciding whether the detention was lawful, consider evidence of the officer's training and experience and all the circumstances known by the officer when he or she detained the person."

"[F]light from police is a proper consideration—and indeed can be a key factor—in determining whether in a particular case the police have sufficient cause to detain." (*People v. Souza* (1994) 9 Cal.4th 224, 235 [36 Cal.Rptr.2d 569, 885 P.2d 982].) The determination of reasonable suspicion is based on commonsense judgments and inferences about human behavior. (*Illinois v. Wardlow* (2000) 528 U.S. 119, 125 [145 L.Ed.2d 570, 577, 120 S.Ct. 673] (*Wardlow*).) "Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." (*Id.*, at p. 124 [145 L.Ed.2d at p. 576].)

Appellant contends that flight from an officer, standing alone, is not enough to support a finding of reasonable suspicion of criminal activity which would justify a detention. This is not a case where appellant was out for an evening jog. Officer Rothermel did not know why appellant fled from the first officer or why he took flight again. It was his job to find out why. He would have been derelict in his duties had he not attempted to detain appellant. He had just monitored a police broadcast that a man matching appellant's description had jumped out of a vehicle that was being pursued by the police. He ran away from the pursuing police car. A minute later, Officer Rothermel saw appellant half a block away. When Officer Rothermel stopped and shined a light on him, appellant again ran. This time, he crossed traffic lanes and threw something over a chain-link fence. Appellant did not heed the order to stop, led Officer Rothermel on a foot chase, and used force and violence against him. This penchant for flight, coupled with the toss of an item during a police pursuit is certainly suggestive of wrongdoing. It supports the reasonable suspicion requirement for a lawful detention.

*Conclusion*

The judgment is modified to impose a $40 court security fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) in case No. 2010044795; and impose a $200 probation revocation fine (§ 1202.44) in case No. 2007006324. The trial court is directed to prepare an amended abstract of judgment reflecting the modifications and to forward a certified copy to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

Gilbert, P. J., and Perren, J., concurred.