Filed 4/11/14  P. v. Silva CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN PORTER SILVA,<br><br>    Defendant and Appellant. | A138747<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-1117912-02) |

Defendant Ryan Porter Silva was placed on probation and ordered to pay a restitution fine of $400 and a probation-revocation fine of $400.  When Silva's probation was later revoked, those fines were increased to $840, and the trial court also imposed a parole-revocation fine in the same amount.  In this timely appeal, Silva argues that the probation-revocation fine should be stricken, because the trial court did not specifically mention the fine when it revoked Silva's probation and sentenced him to prison.  Although we disagree with this argument, we conclude that the three fines should be reduced to $400 each.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Silva was charged by information in July 2011 with one felony count of arson (Pen. Code § 451, subd. (d))[1] after someone reported that he threw a butane canister into a parked car, setting it on fire.  He pleaded guilty under an agreement that he not be

---

[1] All future statutory references are to the Penal Code.

1

immediately sentenced to prison, and the matter was referred to the probation department for a report and recommended disposition.[2] The probation officer recommended that Silva be ordered to pay a restitution fine of $400 under section 1202.4, subdivision (b), as well as a probation-revocation fine of $400 under section 1202.44, to be paid only if probation subsequently was revoked. At the sentencing hearing, the trial court adopted the probation officer's report, suspended imposition of sentence, placed Silva on three years' probation, and imposed the two fines in the amount proposed by the probation department ($400 each).

The probation department later filed petitions alleging that Silva failed to comply with the terms of his probation and left the state without the department's approval. Silva admitted the violations, and the trial court referred the matter to the probation department for a supplemental report. A different probation officer from the one who prepared the original probation report prepared a first supplemental report. The probation department recommended that Silva's probation be revoked and that he be sentenced to the aggravated term of three years. As for the fines to be imposed, the department recommended that Silva be ordered to pay a restitution fine of $840[3] under section 1202.44 as well as a parole-revocation fine of $840 under section 1202.45.

At the sentencing hearing on May 10, 2013, Silva's attorney argued that Silva should receive another chance on probation, but he did not argue that the recommended fines were inappropriate. The trial court permanently revoked Silva's probation and sentenced him to three years in prison. The court followed the recommendation of the probation department and imposed a restitution fine of $840 under section 1202.4, subdivision (b). It also imposed the recommended parole-revocation fine of $840 under section 1202.45, to be paid only if parole subsequently was revoked. Although the trial court did not mention the probation-revocation fine previously ordered under

---

[2] Silva also entered pleas in two other cases that are not the subject of this appeal.

[3] The report actually stated that the recommended fine was $8,400, but it is clear from the record that this was a typographical error and that the recommended amount actually was $840.

section 1202.44, the court's minute order stated that Silva was to pay $840 under that statute. Thus, Silva's abstract of judgment stated that he was to pay three $840 fines: one under section 1202.4, subdivision (b); one under section 1202.44; and one under section 1202.45 if parole was later revoked.

## II.
### DISCUSSION

We first reject Silva's argument that the probation-revocation fine imposed under section 1202.44 was unauthorized because the trial court did not specifically mention it at the sentencing hearing on May 10, 2013. Section 1202.44 provides that the restitution fine imposed under the statute "shall become effective upon the revocation of probation . . . and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record." Because a fine imposed under section 1202.44 when probation is granted "becomes effective" when probation is revoked, it is unnecessary to specifically mention it at the time that a defendant is sentenced to prison. (*People v. Cropsey* (2010) 184 Cal.App.4th 961, 965-966; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 433-435; see also *People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543 [imposition of previously stayed § 1202.44 fine *mandatory* upon revocation of probation with state prison sentence].) Although it would have been preferable for the trial court to state on the record that the abstract of judgment should reflect the fine previously imposed (*Cropsey,* at p. 966), it was not necessary to do so.

Silva contends that the reference in section 1202.44 to the trial court's discretion to waive or reduce the probation-revocation fine where there are "compelling and extraordinary reasons" means that the fine is discretionary, and the fine is therefore unauthorized because the court failed to exercise that discretion when it sentenced him to prison. It is true that the trial court has discretion to waive or reduce a probation-revocation fine *when the fine is first imposed* at the time probation is granted. (*People v. Woods* (2010) 191 Cal.App.4th 269, 273-274.) Again, though, once the fine is imposed, it "becomes effective" upon the revocation of probation. (§ 1202.44.) To the extent that the trial court retains discretion to "waive[] or reduce[]" the fine at the time probation is

3

revoked (*ibid.*), Silva waived any objection to "the trial court's failure to properly make or articulate its discretionary sentencing choices." (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

As for the amount of the fines, Silva argues, the Attorney General concedes, and we agree that all three fines imposed at sentencing should be reduced to $400. The restitution fine under section 1202.4, subdivision (b) may be imposed only once at the time of conviction, which was when probation was initially granted, and it may not later be increased. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.) As for the probation-revocation fine under section 1202.44, the statute provides that it must be in the same amount as the fine imposed under section 1202.4, subdivision (b), and it likewise cannot later be increased. (*Perez* at p. 805.) Finally, section 1202.45, subdivision (a) provides that a parole-revocation fine must be in the same amount as the fine imposed under section 1202.4, which, again, was $400 in this case. Thus, the abstract of judgment should have reflected that all three fines be $400.

Because the trial court exceeded its statutory authority in increasing the fines, the issue was not waived by Silva's failure to object. (*People v. Scott*, *supra*, 9 Cal.4th at p. 354; *People v. Chambers* (1998) 65 Cal.App.4th 819, 823.)

### III.
### DISPOSITION

The portions of the judgment imposing fines in the amount of $840 under sections 1202.4, subdivision (b), 1202.44, and 1202.45 are each reduced to $400. The trial court is directed to prepare an amended abstract of judgment and deliver it to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

 

_____
Humes, J.

We concur:

_____
Ruvolo, P. J.

_____
Rivera, J.

5