Filed 11/19/15  P. v. Tufono CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

<table>
<tr><td>

THE PEOPLE,

    Plaintiff and Respondent,

v.

TINO KISIUETA TUFONO,

    Defendant and Appellant.

</td><td>

F069184

(Super. Ct. No. F11907014)

**OPINION**

</td></tr>
</table>

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Hilary A. Chittick, Judge.

Athena S. Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Defendant Tino Kisiueta Tufono was convicted by jury trial of murder (Pen. Code, § 187),[1] assault with a deadly weapon (§ 245, subd. (a)(1)), and residential burglary (§§ 459, 460, subd. (a)). The jury found true the allegation that as to count 1, defendant personally and intentionally discharged a firearm, causing great bodily injury or death (§ 12022.53, subd. (d)). Defendant admitted one prior felony conviction allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), one prior serious felony conviction allegation (§ 667, subd. (a)(1)), and two prior prison term allegations (§ 667.5, subd. (b)). The trial court sentenced defendant to 69 years to life and imposed various fines and fees, including a $10,000 restitution fine—the maximum within the $200 to $10,000 statutory range (§ 1202.4, subd. (b)(1)).[2] On appeal, defendant contends the court misunderstood

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     All references to sections 1202.4 and 1202.45 are to the versions effective at the time defendant committed the crimes on December 5, 2011. (See *People v. Souza* (2012) 54 Cal.4th 90, 143 [restitution fine must be based on the law at the time the offense was committed].)

At that time, section 1202.4 provided in pertinent part: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but *shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000),* if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor. [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted. [¶] (c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the two hundred-dollar ($200) or one hundred-dollar ($100) minimum. The court may specify that funds confiscated at the time of the defendant's arrest, except for funds confiscated pursuant to Section 11469 of the Health and Safety Code, be applied to the restitution fine if the funds are not exempt for spousal or child support or subject to any other legal

2.

its discretion in imposing the $10,000 restitution fine. We modify the judgment and affirm.

## BACKGROUND

The probation officer's report, prepared in anticipation of sentencing, recommended that the court impose a 73-year-to-life sentence; a $10,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b); a matching $10,000 parole revocation restitution fine pursuant to Penal Code section 1202.45; and victim restitution of $1,693.10 for funeral expenses pursuant to Penal Code section 1202.4, subdivision (f), with the determination of further victim restitution to be reserved. In addition, the report recommended a $40 court security fee for each conviction (totaling $120) pursuant to Penal Code section 1465.8, subdivision (a)(1), a $30 criminal conviction assessment fee for each conviction (totaling $90) pursuant to Government Code section 70373, a $296 probation report fee pursuant to Penal Code section 1203.1b, and attorney fees pursuant to Penal Code section 987.8.

---

exemption. [¶] (d) In setting the amount of the fine pursuant to subdivision (b) in excess of the two hundred-dollar ($200) or one hundred-dollar ($100) minimum, the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (§ 1202.4, as amended by Stats. 2011, ch. 45, § 1, italics added.)

Section 1202.45 provided in part: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.*" (§ 1202.45, as amended by Stats. 2007, ch. 302, § 15, italics added.)

At the sentencing hearing, the trial court stated its intention to follow the probation officer's report. Defendant asked the court to stay whatever fines it could and then order the minimum fines. The following occurred:

> "THE COURT: The Court has reviewed the letters that have been submitted, including the letter just received from [defendant]. I have received all the materials that I previously indicated. I'm prepared to proceed with matters. The Court's tentative position is to deny the Romero motion [to dismiss the prior felony conviction allegation[3]] and to sentence in accordance with the probation report. The only question the Court has is whether Count 3 should be concurrent or consecutive. But the rest of it, which is the bulk of the time, the Court would essentially intend to follow the recommendation. [¶]…[¶] Does anyone wish to be heard further with respect to the sentence?
>
> "[DEFENSE COUNSEL]: Your Honor, with regards to the sentence, you know, [defendant] has always, you know, maintained that particularly the homicide was an act of self-defense. However, he is philosophical in regards to his acceptance of the jury verdict as well as to the mandatory sentences attached to it. His issue, and what he always had brought up to me, was that if there's any way that the restitution and fines could be stayed or at least fine him the minimum allowed by law in regards to—basically he's going to be spending the rest of his life in prison and I think, as the Court notes or may note from the letters received from his family, he hasn't exactly had an ideal upbringing and an ideal life. And as [defendant] himself put it in his letter, that knowing that he's going to be spending the rest of his life and also having the burden of a restitution order that he doesn't believe he'll be in any position to pay off is just, you know, an added concern and possibly adds to his depression. And he's asking me—he's asking through me if the Court could, again, stay what can be stayed and fine him the minimum allowed by law.
>
> "THE COURT: Do you have a position with respect to what the Court can stay?
>
> "[DEFENSE COUNSEL]: Your Honor, I believe the Court can stay the minimum fines in regards to court—or the probation fee as well as the court security fees and all that. I do think under the law the restitution has to be reserved.

---

**3** *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

4.

"THE COURT: I think the restitution has to be reserved. I think the Court's obligated to impose a fine.

"[DEFENSE COUNSEL]: I have not found anything to counter that, your Honor.

"THE COURT: Okay.

"[PROSECUTOR]: Judge, I'll submit with respect to restitution. I think the amount that's being requested from Victim Compensation and Government Claims Board is a minimal amount. All it is is for reimbursement for funeral expenses that went to the victim's family. [¶]…[¶]

"THE COURT: Well, this case is a tragedy. There's a young man who died, and he died at the hands of another young man who clearly had a horrible life. I thought the letters from [defendant's] family, particularly the one from Ms. Carmona, was very helpful to the Court in understanding [defendant's] background. The Court doesn't have the ability to change anybody's background, so I have to deal with the situation that we have, and the situation that we have is a young man was killed by [defendant] and the sentence that is set out in the probation report it appears to be—to the Court to be the appropriate sentence in this matter. And the Court doesn't have a lot of discretion in any event. Even if the Court did have discretion, someone is dead.

"With respect to the Romero motion, the Court doesn't find that there's anything that takes this case outside the heartland of the Three Strikes law, and the Romero motion is denied.

"Probation in this case is not available to the defendant and probation in any event is inappropriate given the nature of the case and the facts of the case. Probation in this case is therefore denied.

"There are no factors in aggravation relating to the crime. The defendant does have a history of violent conduct and prior adult sustained petitions … are numerous. The Court does find that—as a factor in mitigation the defendant's significant difficulties in his upbringing and the fact that [he] was probably not completely in his right mind at the time this occurred due to the ingestion of significant amounts of substances."

The court sentenced defendant to 69 years to life, then imposed fines and fees, including a $10,000 restitution fine, as follows:

"[THE COURT]: In compliance with Penal Code Section 1202.4, defendant's ordered to pay the minimum restitution fine, which is $10,000.

"In compliance with [section] 1202.4(f), the defendant's ordered to pay $1693.10 to the victim[] compensation fund. [¶] Restitution [determination] is reserved for possible future expenses. [¶]…[¶]

"In light of the sentence, the amount of restitution that's due and the amount of fine that is ordered, the court security fee and assessment fees, the probation report fee and other fees, including attorney's fees, are waived by the court.

"I think I neglected to say in compliance with [section] 1202.45 defendant is to pay an additional restitution fine of [$]10,000 if parole is ordered, and it is suspended unless parole is revoked. In light of the fact I think the defendant's unlikely to ever get out on parole, it's kind of a moot point. [¶]…[¶]

"… That's fine. Is there anything else before the Court gives [defendant] his appellate rights?

"[DEFENSE COUNSEL]: No, your Honor.

"[PROSECUTOR]: No. Thank you.

## DISCUSSION

Section 1202.4, subdivision (b) generally requires the imposition of a restitution fine in every case where a person is convicted of a crime. At the time defendant committed the crimes, section 1202.4, subdivision (b)(1) provided that "[t]he restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony …." (§ 1202.4, subd. (b)(1).) In setting the restitution fine in excess of the statutory minimum, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the

number of victims involved in the crime…. Express findings by the court as to the factors bearing on the amount of the fine shall not be required." (*Id.*, subd. (d).) The court may use the formula provided in section 1202.4, subdivision (b)(2) to calculate the fine.

Section 1202.45 requires that the court also impose a parole revocation restitution fine in the same amount as the restitution fine under section 1202.4, suspended unless and until parole is revoked.

We review the restitution fine ordered under section 1202.4 for abuse of discretion. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.) A court abuses its discretion "when its determination is arbitrary or capricious or '"exceeds the bounds of reason, all of the circumstances being considered."'" (*People v. Welch* (1993) 5 Cal.4th 228, 234.) "A discretionary order based on the application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal …." (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 26, italics omitted.)

Defendant contends the totality of the record demonstrates that the trial court misunderstood the scope of its discretion regarding the restitution fine and the corresponding parole revocation fine. We disagree with defendant's interpretation of the record, as we will explain.

First, defendant claims the trial court's statement that it was obligated to impose a restitution fine was an incorrect statement of law that revealed a lack of awareness of the court's discretion under the statute. In our opinion, however, the court's statement was simply a recognition of the very limited exceptions to the otherwise mandatory imposition of a restitution fine under section 1202.4 (§ 1202.4, subds. (b) ["In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record."] & (c) ["The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those

7.

reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine."]).

Next, defendant argues the probation report did nothing to correct the trial court's erroneous belief about the mandatory nature or the amount of the fine because the report merely recommended the $10,000 fine without providing justification or mentioning the optional statutory formula set out in section 1202.4, subdivision (b)(2). He says this bare statement implied the $10,000 fine was mandatory, possibly leading the court to believe it had no choice but to impose a fine of that amount. Defendant further argues that even if the probation report did not mislead the court, the court's statements and orders "point to its confusion about, or misunderstanding of, the fines in the case." He maintains the trial court's statement it was imposing "the *minimum* restitution fine, which is $10,000" (italics added) suggests the court either misspoke when it said "$10,000" or mistakenly believed $10,000 was the minimum possible fine.

Defendant contends the opposite conclusion—that the trial court misspoke when it said "minimum"—is impossible because it contravenes the court's apparent intent to limit the fines and other penalties, evidenced by its waiving of the court security fee, assessment fee, probation report fee, and attorney fees. Defendant argues this effort at mitigation demonstrates that the court intended to minimize, rather than maximize, the fines and fees, but did not know how to do so.[4] He cites the court's statement that it was waiving some of the fees "[i]n light of the sentence, the amount of restitution that's due and the amount of fine that is ordered," as evidence that the court was "acutely cognizant of the financial obligation it had imposed on top of the sentence and wanted to mitigate

---

[4] As defendant recognizes, the court security fee and criminal conviction assessment fee were mandatory, even for a conviction whose sentence was stayed, and they may be added on appeal. (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273; *People v. Sharret* (2011) 191 Cal.App.4th 859, 865-870.)

8.

it—but was constrained by the absence of any vehicle for doing so in any meaningful way." Defendant believes remand is required to insure proper exercise of the trial court's discretion.

Of course, we agree that the trial court's description of the $10,000 restitution fine as the "minimum" fine was incorrect. But we do not agree that the record demonstrates the trial court believed the $10,000 fine was mandatory and intended somehow to minimize the remaining fines and fees to counteract the hefty mandatory fine.

Courts often order the $10,000 statutory maximum restitution fine when imposing life sentences. (See, e.g., *People v. Crayton* (2002) 28 Cal.4th 346, [life term & $10,000 fine]; *People v. Masbruch* (1996) 13 Cal.4th 1001 [same]; *People v. Oganesyan* (1999) 70 Cal.App.4th 1178 [same]; *People v. Kinsey,* (1995) 40 Cal.App.4th 1621 [same].) A lengthy prison term usually reflects the defendant's plentiful and/or serious criminal conduct and provides him time to pay a large fine commensurate with his conduct. Defendant was convicted of murder, assault with a deadly weapon, and burglary; he personally and intentionally discharged a firearm; and he had a history of conviction and prison time. For this, the court imposed 69 years to life. The $10,000 maximum restitution fine was an appropriate accompaniment to this lengthy prison sentence, as both the aforementioned cases and the discretionary statutory formula (§ 1202.4, subd. (b)(2)) attest. A $200 minimum fine, on the other hand, would seem inappropriately trivial in this situation.

We therefore believe the court misspoke when it described the $10,000 fine as the "minimum" fine. Moreover, nothing in the record alters our conclusion. The court's waiving of the various fees, done in light of the life sentence and $10,000 restitution fine, was likely to acknowledge the "significant difficulties in [defendant's] upbringing" that the court found in mitigation and the request for stayed fees. But apart from this gesture, the court did not express an inclination toward leniency. Rather, it stated it could not change the tragic fact that defendant had a horrible life; instead it had to deal with the

9.

reality that defendant killed a young man and that the sentence recommended by the probation officer (which included a 73-year-to-life sentence and $10,000 fines) seemed appropriate. The court denied the *Romero* motion, concluding defendant's case inhabited the "heartland of the Three Strikes law." The court explained that any exercise of discretion in sentencing defendant would be constrained by the fact that he had committed murder ("someone is dead"). In light of the entire record, the court's waiving of the various minor fees is not enough to convince us the court believed it had no discretion to impose a restitution fine other than the maximum $10,000 fine. Indeed, as a general rule, we presume the court knew and properly followed established law. (*People v. Diaz* (1992) 3 Cal.4th 495, 567.) On this record, defendant has not affirmatively shown error (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564)—neither a misunderstanding of discretion nor an abuse of discretion in the imposition of the $10,000 fine.

## DISPOSITION

The judgment is modified to impose the $120 ($40 for each conviction) court security fees (Pen. Code, § 1465.8, subd. (a)(1)) and the $90 ($30 for each conviction) criminal conviction assessment fees (Gov. Code, § 70373). The trial court is directed to amend the abstract of judgment and forward certified copies to the appropriate entities. As so modified, the judgment is affirmed.