Filed 9/15/20  P. v. Casio CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091384 |
| Plaintiff and Respondent, | (Super. Ct. No. CH036804) |
| v. | |
| VINCENT ROBERT CASIO, | |
| Defendant and Appellant. | |

After defendant Vincent Robert Casio pleaded guilty to assault with a deadly weapon, the trial court sentenced him to eight years in state prison and imposed a $300 restitution fine.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues the fine should have been stayed based on his indigence.  We will modify the judgment to impose two mandatory fees and otherwise affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant, an inmate serving a sentence of life without the possibility of parole, with attempted murder (Pen. Code, §§ 664, 187),[1] assault by a life prisoner (§ 4500), assault with a deadly weapon (§ 245, subd. (a)(1)), and possession of a weapon in custody (§ 4502, subd. (a)). The information also alleged defendant had personally inflicted great bodily injury with respect to the first three counts (§ 12022.7, subd. (a)) and that defendant had received a prior conviction for a serious felony, murder (§ 187). Defendant pleaded guilty to the assault with a deadly weapon count and admitted the prior murder conviction, and the prosecution dismissed the remaining counts and enhancement allegations.

The trial court sentenced defendant to eight years in state prison. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation restitution fine (§ 1202.45), which it suspended. The court waived applicable court operation fees "in the interest of justice." At the sentencing hearing, defense counsel objected to the restitution fine, citing *Dueñas* and *People v. Belloso* (2019) 42 Cal.App.5th 647, review granted March 11, 2020, S259755. Counsel requested a hearing on defendant's ability to pay and then made an offer of proof saying defendant had no ability to pay: "My offer of proof is my client has no discretionary funds, he has no prospect of discretionary funds, he has no job. He's tried to get jobs and he is never going to get out of prison likely and so his prospects for making money in the future are no better than they are right now which is zero." The prosecution did not offer any evidence of defendant's ability to pay.

The court determined defendant had the ability to pay the restitution fine, saying, "All right, with regards to [the] allegation of indigency, indigency is when an individual

---

[1] Undesignated statutory references are to the Penal Code.

cannot provide for those necessities. The individual is currently housed in California Department of Corrections, his housing, his clothing, his food, his shelter are all being cared for [*sic*] by the Department of Corrections. Therefore, he's not necessarily indigent. He is in the Department of Corrections as I indicated that he is life without possibility of parole in these proceedings and as it relates to the matter, there's rehabilitation projects which he can receive income from. In addition to which there is no information [about] his trust fund account as presented to this court as to whether or not he has any funds in his trust fund account, and therefore, he has the potential ability in which to pay in these proceedings and the Court will not stay the $300 that's applied by statute."

## DISCUSSION

Relying on *Dueñas, supra*, 30 Cal.App.5th 1157, and its underlying authority, defendant challenges the $300 restitution fine, arguing the trial court incorrectly placed the burden on defendant to show his inability to pay. The People respond that defendant properly bears the burden of showing his inability to pay, and additionally argue the restitution fine should be analyzed under the excessive fines clause of the Eighth Amendment to the United States Constitution. Defendant requests we remand the case and require the People to demonstrate his ability to pay the restitution fine. We are not persuaded that the analysis used in *Dueñas* is correct.

*Dueñas* held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)

Later published authority has called the reasoning of *Dueñas* into question. As discussed in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26,

3

2019, S258946 (*Hicks*), *Dueñas* is premised on authority involving a right under due process of access to the courts, and a bar against incarceration for an involuntary failure to pay fees or fines. (*Hicks, supra*, at p. 325.) A postconviction imposition of fees and fines, however, does not interfere in any respect with the right of access to either the trial or appellate court. (*Id.* at p. 326.) The postconviction imposition of fees and fines also does not result in any additional incarceration, and therefore a liberty interest that due process would protect is not present. (*Ibid.*) Since the stated bases for the conclusion in *Dueñas* do not support it, the question is whether due process generally otherwise compels the same result. (*Hicks*, at p. 327.) The People have a fundamental interest in punishing criminal conduct, as to which indigency is not a defense (otherwise, defendants with financial means would suffer discrimination). (*Ibid.*) "For the reasons set forth above, we conclude that due process does not speak to this issue and that *Dueñas* was wrong to conclude otherwise. [Citations.]" (*Hicks*, at p. 329; see also *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 [accord].)

Our Supreme Court is now poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas*. (*People v. Kingston, supra*, 41 Cal.App.5th at p. 279; *Hicks, supra*, 40 Cal.App.5th at p. 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*); *People v.*

4

*Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the restitution fine.

To the extent defendant's challenge to the restitution fine is more properly assessed under the excessive fines clause of the United States Constitution, we likewise conclude the restitution fine is not excessive.

"The Eighth Amendment prohibits the imposition of excessive fines. The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' [Citation.]" (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).) The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*). (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.]" (*Bajakajian, supra*, 524 U.S. at p. 334.) "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid.*)

The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see *People v. Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).) "While ability to pay may be part of the proportionality analysis, it is not the only factor." (*Aviles, supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian, supra*, 524 U.S. at pp. 337-

5

338.)  We review the excessiveness of a fine challenged under the Eighth Amendment de novo.  (*Aviles*, at p. 1072.)

Here, the $300 restitution fine imposed in defendant's case was not grossly disproportionate to the level of harm and defendant's culpability in the offense.  Although the factual basis for the offense was limited to the facts alleged in the information, defendant, an inmate in a state prison, pleaded guilty to assaulting a person with a deadly weapon, a sharp instrument.  It was not grossly disproportionate to impose the statutory minimum restitution fine in this instance.  Accordingly, the $300 restitution fine imposed in this case is not excessive under the Eighth Amendment.

Finally, although not raised by either party, we note the trial court attempted to waive the $40 court operations assessment (§ 1465.8) and the $30 court facilities assessment (Gov. Code, § 70373) in the "interest of justice."  These are mandatory assessments and must be imposed.  (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2.)  We will modify the judgment accordingly.

## DISPOSITION

The judgment is modified to impose a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373).  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                             KRAUSE          , J.


We concur:

_____ HOCH _____, Acting P. J.


_____ RENNER _____, J.