Filed 7/12/21  P. v. Cabrera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091432 |
| Plaintiff and Respondent, | (Super. Ct. No. CH037003) |
| v. | |
| ESTEBAN CABRERA, | |
| Defendant and Appellant. | |

After defendant Esteban Cabrera pleaded guilty to assault by means likely to produce great bodily injury, the trial court sentenced him to 11 years in state prison and imposed a $300 restitution fine.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) and its companion cases, defendant argues the imposition of the fine violated his due process rights because there was insufficient evidence of his ability to pay.  We will modify the judgment to impose two mandatory fees and otherwise affirm.

1

BACKGROUND

Defendant pleaded guilty to one count of assault by means likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)[1] He admitted allegations that he personally inflicted great bodily injury when committing the offense (§ 12022.7, subd. (a)) and that he had a prior strike conviction for voluntary manslaughter (§§ 192, subd. (a), 186.22, subd. (b)(1)(C)). At sentencing, defense counsel, citing *Dueñas, supra*, 30 Cal.App.5th 1157, asked the court to reduce the restitution fine based on defendant's indigency, and made an offer of proof that defendant was currently serving a life sentence in prison and had no prospects of obtaining a job that would allow him to pay any fine. The prosecution did not offer any evidence of defendant's ability to pay the fine, saying "I'm not sure it's my burden." The court denied defendant's request, saying: "Thank you with [*sic*] agreeing that the burden still lies with the defendant in these proceedings. As relates to this issue, there's a multitude of issues. Dueñas dealt with an individual that was not incarcerated. There's new decisions have been [*sic*] determined that once again indigency is their health care, their medical, the housing, clothing, food is all being taken care of, they are not indigent.

"Most recent case law had indicated that they can have the ability at the Department of Corrections to earn anywhere between 12 and $15 per month. There are jobs available in the Department of Corrections. [¶] In addition, the Court has not received a client trust fund that is certified to show what the balance in that account has been for the last six months and as it is required, that it shall be imposed at $300, the Court shall impose the item, the request to stay the matter is denied."

The court sentenced defendant to 11 years in state prison. The court also imposed a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation

---

[1]     Undesignated statutory references are to the Penal Code.

restitution fine, which was suspended pending revocation of parole (§ 1202.45), but waived the $40 court operations assessment (§ 1465.8) and $30 court facilities assessment (Gov. Code, § 70373) "in the interest of justice."

DISCUSSION

Relying on *Dueñas, supra*, 30 Cal.App.5th 1157, *People v. Castellano* (2019) 33 Cal.App.5th 485, and their underlying authorities, defendant challenges the $300 restitution fine, arguing the prosecution did not offer substantial evidence to show he had the ability to pay the fine. Imposing the fine under these circumstances, defendant's argument goes, violated defendant's due process rights. The People respond, in part, by asserting defendant's challenge is more properly analyzed under the excessive fines clause of the United States Constitution. We are not persuaded that the analysis used in *Dueñas* is correct.

*Dueñas* held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)

Later published authority has called the reasoning of *Dueñas* into question. As discussed in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 (*Hicks*), *Dueñas* is premised on authority involving a due process right of access to the courts, and a bar against incarceration for an involuntary failure to pay fees or fines. (*Hicks, supra*, at p. 325.) A postconviction imposition of fees and fines, however, does not interfere in any respect with the right of access to either the trial or appellate court. (*Id*. at p. 326.) The postconviction imposition of fees and fines also does not result in any additional incarceration, and therefore a liberty interest that due process would protect is not present. (*Ibid*.) Because the stated bases for the conclusion in

3

*Dueñas* do not support it, the question is whether due process generally otherwise compels the same result. (*Hicks*, at p. 327.) The People have a fundamental interest in punishing criminal conduct, as to which indigency is not a defense (otherwise, defendants with financial means would suffer discrimination). (*Ibid*.) "For the reasons set forth above, we conclude that due process does not speak to this issue and that *Dueñas* was wrong to conclude otherwise. [Citations.]" (*Hicks*, at p. 329; see also *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 [accord].)

As defendant notes, our Supreme Court is now poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas*. (*People v. Kingston, supra*, 41 Cal.App.5th at p. 279; *Hicks, supra*, 40 Cal.App.5th at p. 329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Because defendant's insufficient evidence challenge is premised on such a requirement, we reject defendant's argument.

To the extent defendant's challenge to the restitution fine is more properly assessed under the excessive fines clause of the United States Constitution, we likewise conclude the restitution fine is not excessive.

"The Eighth Amendment prohibits the imposition of excessive fines. The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' " (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027,

4

1040 (conc. opn. of Benke, J.).)  The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*).  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.  [Citations.]" (*Bajakajian, supra*, 524 U.S. at p. 334.)  "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid*.)

The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment:  "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay."  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see *People v. Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).)  "While ability to pay may be part of the proportionality analysis, it is not the only factor." (*Aviles, supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian, supra*, 524 U.S. at pp. 337-338.)  We review the excessiveness of a fine challenged under the Eighth Amendment de novo.  (*Aviles*, at p. 1072.)

Here, the $300 restitution fine imposed in defendant's case was not grossly disproportionate to the level of harm and defendant's culpability in the offense.  Although the factual basis for the offense was limited to the facts alleged in the complaint, defendant, an inmate in a state prison, pleaded guilty to assaulting a person by means of force likely to lead to great bodily injury, and admitted he inflicted great bodily injury as a result.  It was not grossly disproportionate to impose the statutory minimum restitution

5

fine in this instance.  Accordingly, the $300 restitution fine imposed in this case is not excessive under the Eighth Amendment.

Finally, although not raised by either party, we note the trial court attempted to waive the $40 court operations assessment (§ 1465.8) and the $30 court facilities assessment (Gov. Code, § 70373) in the "interest of justice."  These are mandatory assessments and must be imposed.  (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2.)  We will modify the judgment accordingly.

DISPOSITION

The judgment is modified to impose a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373).  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


     /s/ <br>
BLEASE, J.

I concur:


  /s/ <br>
RAYE, P. J.

6

ROBIE, J., Concurring.

Defendant Esteban Cabrera argues the $300 restitution fine must be stricken because there is no substantial evidence to support the trial court's finding that he has the ability to pay it. I disagree with the majority's conclusion that *People v. Dueñas* (2019) 30 Cal.App.5th 1157 was wrongly decided but agree the judgment should be affirmed because I conclude defendant has failed to show error on appeal.

A defendant has the burden of raising and proving his or her inability to pay fines, fees, and assessments at the hearing imposing such fines, fees, and assessments in the trial court. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) Defendant argues on appeal that, following his attorney's *argument* that defendant "has no job and no prospects of a paying job and he does not have $300," "the trial court was then obliged to consider all relevant factors" pertaining to his ability to pay the restitution fine. An attorney's argument is not evidence. (Evid. Code, § 140; *People v. Kiney* (2007) 151 Cal.App.4th 807, 815; *Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 843.) It is pertinent the trial court noted it had not received certified information pertaining to defendant's client trust fund and believed defendant could earn sufficient wages in prison. Defendant did not provide any argument or evidence in return. In light of the foregoing, I conclude defendant failed to demonstrate error on appeal. Thus, the judgment should be affirmed.

As to the majority's imposition of the $40 court operations assessment and $30 court facilities assessment, I concur as well. The assessments are mandatory. (Pen. Code, § 1465.8; Gov. Code, § 70373.) Absent a finding that the imposition of those assessments would violate defendant's constitutional rights, the trial court had to impose them. The trial court's finding that the assessments should not be imposed "in the

1

interests of justice" does not meet that standard.  Thus, the assessments are appropriately imposed on appeal.

/s/
ROBIE, J.
