Filed 4/24/25  P. v. Alamillo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL R. ALAMILLO,<br><br>    Defendant and Appellant. | 2d Crim. No. B334859<br>(Super. Ct. No. 2023022134)<br>(Ventura County) |

Manuel R. Alamillo appeals a judgment following his guilty plea to second degree burglary, a felony.  (Pen. Code, § 459.)  The trial court sentenced him to serve "16 months of felony jail."  At the sentencing hearing, the court imposed certain fines but mistakenly failed to mention the court facilities assessment (Gov. Code, § 70373) and the court operations assessment (Pen. Code, § 1465.8).  Alamillo had agreed to pay these assessments in his plea agreement that the court approved.  The court clerk added these two assessments to the abstract of judgment.  We conclude the clerk erred by adding these assessments.  But this error was harmless because these two assessments are mandatory,

Alamillo agreed to pay them in his plea agreement, the abstract is legally correct, and Alamillo forfeited the claim that the court had to hold an ability-to-pay hearing. We remand for the trial court to correct the sentencing minute order to add these two assessments. In all other respects, we affirm.

FACTS

At 1:29 a.m., on August 21, 2023, Alamillo broke into a closed Kentucky Fried Chicken restaurant. He used tools to open a cash register and take money. When he opened a door to leave, an "alarm was activated."

The People filed a "felony information" alleging one count of second degree commercial burglary. (Pen. Code, § 459.) Alamillo entered into a negotiated plea agreement.

After Alamillo's guilty plea, the trial court sentenced him to "16 months of felony jail." The court ruled the fines and fees mentioned in the probation report were imposed as part of the sentence. They included: 1) a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); 2) restitution to the victim "in an amount to be determined by further order of the Court"; and 3) a $10 fine plus penalty assessment "pursuant to [section] 1202.5 of the Penal Code."

Alamillo did not claim that he lacked the ability to pay these fines at the sentencing hearing.

There were two assessments the trial court did not mention at the sentencing hearing – a $30 court facilities assessment (Gov. Code, § 70373) and a $40 court operations assessment (Pen. Code, § 1465.8). Alamillo had agreed to pay these two assessments in his written plea agreement. The court clerk prepared an abstract of judgment that included these two assessments.

2

## DISCUSSION

### *Adding Assessments to the Abstract of Judgment*

The court clerk added two assessments to the abstract of judgment that the trial court did not mention at the sentencing hearing. The " 'oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment.' " (*People v. Hamed* (2013) 221 Cal.App.4th 928, 937-938.) Consequently, because the court did not mention the court facilities and court operations assessments at the sentencing hearing, the clerk erred by adding them to the abstract of judgment. But this error was harmless and the abstract of judgment is now legally correct.

The People correctly note these two assessments are mandatory and the trial court erred by not imposing them. (*People v. El* (2021) 65 Cal.App.5th 963, 967; *People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2; *People v. Woods* (2010) 191 Cal.App.4th 269, 272; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112.) Penal Code section 1465.8, subdivision (a)(1) provides, "To assist in funding court operations, an assessment of forty dollars ($40) *shall be imposed on every conviction* for a criminal offense." (Italics added.) Government Code section 70373, subdivision (a)(1) provides, "To ensure and maintain adequate funding for court facilities, an assessment *shall be imposed on every conviction* for a criminal offense . . . ." (Italics added.) The assessment is $30 "for each misdemeanor or felony." (*Ibid*.)

The trial court's failure to mention these two assessments at the sentencing hearing was an oversight because they are mandatory and the court had *approved and signed* the written plea agreement that *required Alamillo to pay these two*

3

*assessments*.  The judgment may be corrected to include these assessments at this time.  (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157; *People v. Smith* (2001) 24 Cal.4th at p. 853; *In re Candelario* (1970) 3 Cal.3d 702, 705; *People v. Codinha* (2023) 92 Cal.App.5th 976, 984-985.)

For the first time, Alamillo discusses *People v. Dueñas* (2019) 30 Cal.App.5th 1157 in his reply brief.  We do not discuss issues raised for the first time in the reply brief.  We note, however, that not all appellate opinions agree with *Dueñas*.

## DISPOSITION

The abstract of judgment is correct.  We remand to the trial court to add to the sentencing minute order the $30 court facilities assessment (Gov. Code, § 70373) and the $40 court operations assessment (Pen. Code, § 1465.8).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

4

David M. Hirsch, Judge

Superior Court County of Ventura

_____

S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.