Filed 2/3/16  P. v. Stevens CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B265482 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA101531) |
| v. | |
| JAMES CHARLES STEVENS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed as modified.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, James Charles Stevens, pled guilty to three counts of grand theft (Pen. Code, § 484e, subd. (d))[1] and one count of forgery (§ 475, subd. (a)). Defendant also admitted prior conviction and prison term allegations were true. (§§ 667, subd. (d), 667.5, subd. (b), 1170.12, subd. (b).) He was sentenced to five years in state prison. We modify the oral pronouncement of judgment with respect to the court operations assessment. We affirm the judgment in all other respects.

# II. DISCUSSION

## A. Defendant's Notice of Appeal is Operative

Defendant filed his notice of appeal without securing a probable cause certificate. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).) However, the notice of appeal properly indicates a noncertificate ground for appeal, "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304 (b).)"[2] Therefore, defendant's appeal is operative as to postplea matters. (Rule 8.304(b)(4)(B); *People v. Buttram* (2003) 30 Cal.4th 773, 780-781; *People v. Jones* (1995) 10 Cal.4th 1102, 1105, 1108, disapproved on another point in *In re Chavez* (2003) 30 Cal.4th 643, 656.) Defendant may assert postplea claims that do not attack the plea's validity. (Rule 8.304(b)(5); *People v. Buttram, supra,* 30 Cal.4th at pp. 776, 780; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-75.)

---

[1] Further statutory references are to the Penal Code.
[2] Further references to a rule are to the California Rules of Court.

B.  Appointed Appellate Counsel has Fully Complied with her Responsibilities

We appointed counsel to represent defendant on appeal.  After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised.  Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.)  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with her responsibilities.  There are no arguable postplea issues favorable to defendant.

C.  Defendant's Claims are not Cognizable on Appeal Absent a Probable Cause Certificate

On December 10, 2015, we advised defendant of his right to file a supplemental brief within 30 days.  Defendant timely filed a letter brief.  Defendant asserts he was offered four years but, without objection, was sentenced to five years.  In the trial court, defendant was represented by Harvey Sherman.  According to defendant, Mr. Sherman failed to file any motions including a motion to strike prior conviction allegations.  And defendant does not feel the crime warranted the punishment imposed.  The record demonstrates defendant agreed to the five-year sentence and admitted the prior conviction and prison term allegations as part of his plea bargain.  At the outset of the plea hearing, Mr. Sherman stated, "Your Honor, he would accept the five years."  The trial court subsequently advised defendant he was facing up to 15 years, but it was willing to offer 5 years.  Defendant's claims challenge the validity of his plea and are not cognizable on appeal absent issuance of a probable cause certificate.  (*People v. Buttram, supra,* 30 Cal.4th at pp. 776, 780; *People v. Hester* (2000) 22 Cal.4th 290, 295; *People v. Panizzon, supra,* 13 Cal.4th at pp. 72-73, 76-79, 89.)

D. The Oral Pronouncement of Judgment Must be Modified as to the Court Operations Assessment

We asked the parties to brief the question whether the oral pronouncement of judgment must be modified to impose a $160 court operations assessment under section 1465.8, subdivision (a)(1)). The trial court orally imposed a $120 court operations assessment. However, because defendant was convicted on four counts, the correct amount was $160. (§ 1465.8, subd. (a)(1); *People v. Sencion* (2012) 211 Cal.App.4th 480, 484-485; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371; see *People v. Alford* (2007) 42 Cal.4th 749, 758, fn. 6.) Moreover, the assessment is mandatory. (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2; *People v. Woods* (2010) 191 Cal.App.4th 269, 272.) Therefore, the failure to properly impose it results in an unauthorized sentence which may be corrected on appeal even absent an objection in the trial court. (*People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

Defendant cites *People v. Tillman* (2000) 22 Cal.4th 300, 302-303, for the proposition the prosecution forfeited the issue by failing to object. That argument has no merit. In *Tillman,* the trial court failed to articulate a discretionary sentencing choice and the prosecution did not object. Here, the trial court imposed a legally unauthorized sentence. The trial court had no discretion with respect to the amount of the court operations assessment. Such an error is reviewable regardless of whether the prosecution objected in the trial court. (*People v. Smith, supra,* 24 Cal.4th at pp. 852-853; *In re K.F.* (2009) 173 Cal.App.4th 655, 660.)

The oral pronouncement of judgment must be modified to reflect a $160 court operations assessment. The abstract of judgment is correct in this regard and need not be amended.

## III. DISPOSITION

The oral pronouncement of judgment is modified to impose a $160 court operations assessment under Penal Code section 1465.8, subdivision (a)(1). The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


BAKER, J.


KUMAR, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5